# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**IFTIKHAR H. SAIYED,**
**Claimant Below, Petitioner**

**vs.)     No. 15-0864** (BOR Appeal No. 2050166)
              (Claim No. 2013018102)

**3 S NETWORK, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Iftikhar H. Saiyed, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. 3 S Network, Inc., by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 28, 2015, in which the Board affirmed a December 30, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges dismissed the claims administrator's January 18, 2013, decision rejecting the claim as moot and affirmed the claims administrator's February 10, 2014, decision finding the claims administrator had no jurisdiction over the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Saiyed alleges he was injured in a motor vehicle accident on August 17, 2012, while he was working in West Virginia as a driver. Mr. Saiyed is a resident of the Commonwealth of Virginia. He was hired by 3 S Network, Inc., to drive other employees on specific routes, mostly in Virginia. 3 S Network did not have any specific routes in West Virginia, but Mr. Saiyed may have had to pass through West Virginia on occasion. His supervisor estimated he was in West Virginia four times, at the most. Mr. Saiyed submitted a claim for workers' compensation

1

benefits to the Virginia Workers' Compensation Commission in August or September of 2012. He submitted a claim for unemployment benefits to the Virginia Employment Commission in March of 2013.

On January 14, 2013, the claims administrator mailed Mr. Saiyed a letter enclosing a brochure outlining the workers' compensation claims process and an employees' and physicians' report of injury form for him to complete and return. On January 18, 2013, the claims administrator entered a decision denying Mr. Saiyed's claim for benefits as he did not sustain an injury in the course of and resulting from his employment.

On February 10, 2014, the claims administrator entered a decision correcting the January 18, 2013, decision. The claims administrator stated the decision entered on January 18, 2013, was a mistake or clerical error because the report of injury form had not been received. Thus, the claims administrator did not have any jurisdiction or authority to issue the January 18, 2013, decision. Furthermore, the claims administrator had no jurisdiction to address the allegations made by Mr. Saiyed as his employer was not a West Virginia employer.

The Office of Judges dismissed the January 18, 2013, decision of the claims administrator as moot since it was corrected by the February 10, 2014, decision. It then affirmed the February 10, 2014, decision of the claims administrator. In affirming the claims administrator's decision, the Office of Judges determined that 3 S Network, Inc., was not a West Virginia employer; that Mr. Saiyed lived in Virginia; that Mr. Saiyed was hired to work in Virginia; and that Mr. Saiyed had no medical treatment in West Virginia. Additionally, Mr. Saiyed had filed a workers' compensation claim in Virginia, which directly contradicted his testimony before the Office of Judges.

The Office of Judges also found that no application for workers' compensation benefits had been filed in West Virginia. West Virginia Code §23-4-15 (2005) provides, in part, that a claimant is required to complete and file an application for benefits within six months of the date of the injury in order for the claim to be considered. If no application is filed, then the right to compensation is forever barred. Mr. Saiyed failed to submit an application for workers' compensation benefits in West Virginia within six months of the date of his injury. Therefore, his claim is barred. The Board of Review agreed with the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Saiyed failed to submit a timely application for benefits. In fact, he has never filed an application for benefits in West Virginia for the alleged injury. Therefore, the claim is barred, and the claims administrator has no jurisdiction.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

Justice Brent D. Benjamin, Not Participating